1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    TAC Holdings LLC,                    )    No.  CV-22-02150-PHX-SPL
                                          )
9                          Plaintiff,     )
                                          )
10   vs.                                  )    **ORDER**
                                          )
11                                        )
     Atlatl Group LLC, et al.,            )
12                                        )
                                          )
13                         Defendants.    )
                                          )
14   _____     )

15          Before the Court is Defendant the Atlatl Group, LLC, Bravada Yachts LLC, Aaron

16   Browning, and Robert Gutierrez's (collectively, the "Bravada Defendants") Motion for

17   Protective Order (Doc. 63) and Plaintiff TAC Holdings, LLC's Motion for Order to Show

18   Cause and for Sanctions (Doc. 64). The Court rules as follows.

19       **I.**      **BACKGROUND**

20          October 31, 2023, the Court held an oral argument to address the parties' Joint

21   Motion for Discovery Dispute Resolution (Doc. 39). Because the parties failed to clearly

22   explain the issues in dispute, the Court ordered the parties to file a supplemental "joint

23   notice of issues detailing the specific discovery requests at issue and why that information

24   is being requested." (Doc. 47). On November 7, 2023, the parties filed a Joint Notice of

25   Issues which outlined all the parties' issues and arguments. (Doc. 49). On November 22,

26   2023, the Court resolved each of these issues. (Doc. 54). On February 15, 2024, the

27   Bravada Defendants filed the pending opposed Motion for Protective Order (Doc. 63). On

28   February 26, 2024, Plaintiff filed the pending Motion for Order to Show Cause and for

Sanctions (Doc. 64). Both motions are fully briefed. The Court held an oral argument to address these motions on April 3, 2024. At the hearing, the Court ordered the Bravada Defendants to disclose to Plaintiff's counsel all missing bank statements pursuant to the Court's Order (Doc. 54 at 5), produce the information requested in Plaintiff's Request for Production No. 13, and file a supplemental briefing identifying the specific documents that they are seeking to protect. (Doc. 72). On April 10, 2024, the Bravada Defendants filed a Supplemental Brief to Motion for Protective Order. (Doc. 73).

## II.    **LEGAL STANDARD**

"'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.' Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (internal citations omitted).[1] *But see Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (whether "compelling reasons" or merely "good cause" must be shown to limit public access and warrant court protection depends on the relationship of the document to the merits of the case). In order to show good cause exists to limit the public's access to material under Rule

---

[1]    Rule 26(c) of the Federal Rules of Civil Procedure provides:

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1103.

## III.   DISCUSSION

### a.   Bravada Defendant's Motion for Protective Order (Doc. 63)

The Bravada Defendants' Motion requests all financial documents, third-party contracts, and engineering or design files be kept confidential and filed under seal. (Doc. 63 at 1). Their Proposed Protective Order extends broadly to "[c]ertain documents sought in pretrial discovery in this action [that] may contain non-public confidential, proprietary, commercially sensitive, or trade secret information . . .." (Doc. 63-1 at 1). In Response, Plaintiff asks the Court to deny the Bravada Defendants' Motion because it is a blanket protective order, the Bravada Defendants failed to make any showing that the requested information should be kept confidential, and it is untimely. (Doc. 65 at 4).  At the oral argument hearing held on April 3, 2024, the Court addressed this matter and ordered the Bravada Defendants to file a supplemental motion identifying the specific documents that they seek to protect. (Doc. 72).  On April 10, 2024, the Bravada Defendants filed a supplemental briefing enumerating specific documents. (Doc. 73).

After considering the parties' briefings and oral arguments, the Court finds that the Proposed Protective Order does not meet Rule 26(c)'s threshold. More specifically, the Court finds that the Bravada Defendants failed to make any particularized showing that disclosure will cause a clearly defined injury or that "good cause" exists. *See Glenmede*

*Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450 (D. Ariz. Nov. 28, 2007).

First, the Bravada Defendants argue that public disclosure of certain bank statements would allow their competitors access to "the identity of vendors and customers, pricing for materials and labor, the identity of contractors and subcontractors and Defendants' profit, cost and margin data" which would cause them significant competitive harm. (Doc. 73 at 2; Doc. 63 at 3). This is not persuasive. *See Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-CV-08924-HSG, 2023 WL 6165695, at *2 (N.D. Cal. Sept. 20, 2023) ("Other than a generic explanation that such information is confidential and "competitively sensitive," however, Respondents do not explain how this specific information could cause them competitive harm. Generic explanations of competitive harm are insufficient to justify sealing this information."). Moreover, the Court has already held that these bank statements are relevant in this case and has limited the production to bank statements dated between June 2020 to present. (*See* Doc. 54 at 4–5). Accordingly, the Bravada Defendants' request for a protective order with respect to its bank statements is denied.

Next, the Bravada Defendants argue that third-party contracts and discovery related to the acquisition of Destination Yachts, Inc should also be kept confidential and filed under sealed. (Doc. 73 at 3; Doc. 63 at 3). The Bravada Defendants assert that these documents should be protected because they "contain sensitive information of individuals and entities that have purchased other houseboats and details regarding specific houseboats and amounts for which those boats were purchased, which would cause competitive harm to the Atlatl Group, LLC." (Doc. 73 at 3; Doc. 63 at 3). They also assert that public disclosure of these documents could subject the Bravada Defendants to liability for breach of confidentiality provisions. (Doc. 73 at 3). Again, the Court has already held that this information is relevant and has ordered the Bravada Defendants to produce these documents in discovery. (*See* Doc. 54 at 4 ("Plaintiff alleges that its funds were used to pay back *earlier* investor-customers."); *see id.* ("This request is relevant because the

Complaint alleges that the Bravada Defendants used Plaintiff's money to purchase Destination."). The Court is persuaded that Plaintiff's need for understanding how its funds were allocated outweighs the Bravada Defendants' confidentiality concerns. *Mixed Chicks, LLC. v. Sally Beauty Supply, LLC.*, No. CV 11-0452 AG (FMOX), 2011 WL 13137374, at *4 (C.D. Cal. Dec. 7, 2011) ("Here, the court is persuaded that plaintiff's need for the customer lists outweighs defendant's and the non-party witnesses' confidentiality concerns."). Accordingly, the Bravada Defendants' request for a protective order with respect to third-party contracts is denied.

Finally, the Bravada Defendants asks that the Court protect any "engineering or design files" because they contain "proprietary trade secrets." (Doc. 63 at 4). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *See Deford v. Schmid Prod. Co., a Div. of Schmid Lab'ys*, 120 F.R.D. 648, 653 (D. Md. 1987); *see also IntelliCAD Tech. Consortium v. Suzhou Gstarsoft Co.*, 508 F. Supp. 3d 790, 795 (D. Or. 2020) ("After a party seeking a protective order shows that the information at issue is a trade secret or otherwise confidential and that disclosure would be harmful, the burden shifts to the party seeking disclosure to show that disclosure is warranted."). "Under federal law, there is no absolute privilege for trade secrets; instead, courts weigh the claim to privacy against the need for disclosure in each case, and district courts can enter protective orders allowing discovery but limiting the use of the discovered documents." *Pasadena Oil & Gas Wyoming LLC v. Montana Oil Properties Inc.*, 320 F. App'x 675, 677 (9th Cir. 2009). Here, the Bravada Defendants failed to meet its burden of showing that its engineering and design files are trade secrets that require protection. The Court also finds that this information is relevant to Plaintiff's allegation that that the Bravada Defendants "operate[] much more like a Ponzi scheme than a legitimate business, using payments from investor-customers not for the construction of a houseboat for those investor-customers, but to pay back other, earlier investor-customers." ((Doc. 1 at 9 ¶ 63; Doc. 54 at 4). Accordingly, the

Bravada Defendants' request for a protective order with respect to any engineering or design files is denied.

      b.  <u>Plaintiff's Motion for Order to Show Cause and For Sanctions (Doc. 64)</u>

The Court has reviewed and considered the parties' briefing and arguments with respect to Plaintiff's Motion for Order to Show Cause and For Sanctions (Doc. 64). The Court denies Plaintiff's Motion at this juncture. However, the Court will not tolerate any additional non-compliance from the Bravada Defendants with respect to the discovery issues that have been addressed several times now. In the event the Bravada Defendants fail to comply with the Court's Orders moving forward, it will not be so lenient.

## IV.    **CONCLUSION**

The Court concludes that there is no good cause to grant the Bravada Defendants' Proposed Protective Order. Thus, the Bravada Defendants' Motion for Protective Order is denied. The Court also denies Plaintiff's Motion for Order to Show Cause and For Sanctions.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant the Atlatl Group, LLC, Bravada Yachts LLC, Aaron Browning, and Robert Gutierrez's Motion for Protective Order (Doc. 63) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff TAC Holdings, LLC's Motion for Order to Show Cause and for Sanctions (Doc. 64) is **denied without prejudice**.

Dated this 7th day of May, 2024.

Honorable Steven P. Logan
United States District Judge