**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TAC Holdings LLC, | No.  CV-22-02150-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Atlatl Group LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff TAC Holdings LLC's Motion for Leave to Amend Complaint (Doc. 76). For the following reasons, the Motion will be granted.

**I.     BACKGROUND**

On December 21, 2022, Plaintiff filed a Complaint alleging nine claims: Securities Fraud (A.R.S. §§ 44-1801 to 44-2126), Common Law Fraud, Negligent Misrepresentation, Breach of Fiduciary Duty, Breach of Contract, Unjust Enrichment, Fraudulent Transfer, Production of Records of GT2275, and Constructive Trust. These claims were asserted against Defendants The Atlatl Group, LLC, Bravada Yachts LLC, Aaron Browning, Cindy Johnson, Robert Gutierrez (collectively, the "Bravada Defendants"), and Sabbatical Yachts LLC. (Doc. 1).[1]

On January 26, 2023, Defendant Sabbatical Yachts LLC answered the Complaint. (Doc. 9). On February 10, 2023, Defendants The Atlatl Group, LLC, Bravada Yachts LLC,

---

[1] Plaintiff also asserted claims against Defendants Zachary Taylor and Does 1 through 10, however, these claims have been dismissed. (Docs. 21 and 26).

1   Aaron Browning, and Robert Gutierrez answered the Complaint. (Doc. 18). On March 10,

2   2023, Defendant Cindy Johnson answered the Complaint. (Doc. 25).

3          On May 6, 2024, Plaintiff filed the instant Motion for Leave to Amend Complaint,

4   seeking to add Destination Yachts, Inc. an Indiana corporation ("Destination"), and its

5   former/current shareholder, Sheldon Graber ("Graber") (together, the "Destination

6   Defendants") as parties. The Bravada Defendants oppose the Motion. (Doc. 128).

7   **II.    LEGAL STANDARD**

8          Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend a

9   complaint should be "freely give[n] . . . when justice so requires." The policy in favor of

10  amendment "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*,

11  754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks omitted). Still, courts

12  consider the following factors in deciding whether to grant leave to amend: (1) bad faith,

13  (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and

14  (5) whether the plaintiff had amended the complaint before. *Id.* The prejudice factor carries

15  the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

16  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a

17  *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*; *see also Hurn v.*

18  *Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254

19  (9th Cir. 1981) ("Where there is lack of prejudice to the opposing party and the amended

20  complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an

21  abuse of discretion to deny such a motion."). The party opposing amendment bears the

22  burden to show that leave to amend should be denied. *See New Enters. Ltd. v. SenesTech*

23  *Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019).

24  **III.   DISCUSSION**

25         In the instant motion, Plaintiff moves to substitute Does 1 through 10 identified in

26  the Complaint with the Destination Defendants. (*See* Doc. 1; Doc. 76 at 3). The Bravada

27  Defendants oppose this request and argue that Plaintiff should not be granted leave to

28  amend because there is undue delay, bad faith, and prejudice. (Doc. 128 at 3).

1   First, the Bravada Defendants argue that Plaintiff's request is unduly delayed
2   because Plaintiff knew the relevant facts and parties in this case when it filed the
3   Complaint. (*Id.* at 5). However, Plaintiff argues that it did not have evidence to support its
4   suspicions concerning the Destination Defendants' involvement until the Bravada
5   Defendants recently produced its bank records and the purchase agreement for Destination.
6   (Doc. 76 at 6; Doc. 150 at 7). Furthermore, Plaintiff filed this Motion one business day
7   after receiving the last documents relating to the acquisition of Destination. (Doc. 76 at 6–
8   7). Because Plaintiff recently confirmed the Destination Defendants' involvement and
9   Plaintiff's Motion is timely, the Court finds that there was no undue delay.

10   Second, the Bravada Defendants argue that Plaintiff has shown bad faith because
11   Plaintiff withheld amending the Complaint even though it had the ability to independently
12   identify the Destination Defendants. (Doc. 128 at 6). This argument is not persuasive.
13   Although Plaintiff may have been able to identify the Destination Defendants earlier,
14   Plaintiff claims that it did not have sufficient knowledge to assert claims against the
15   Destination Defendants until the recently disclosed bank records and purchase agreements.
16   (Doc. 150 at 7). The Bravada Defendants also argue that Plaintiff seeks to amend the
17   Complaint to extend the discovery deadlines. (Doc. 128 at 5). However, Plaintiff states that
18   it does not seek to extend discovery deadlines. (*Id.* at 8). Thus, the Court finds that the
19   Bravada Defendants failed to show that Plaintiff filed this Motion in bad faith to extend
20   discovery deadlines. *See Hanns v. State Farm Fire & Cas. Co.*, No. CV-22-01082-PHX-
21   SPL, 2023 WL 9101649, at *3 (D. Ariz. Dec. 6, 2023) (finding bad faith where the
22   "[p]laintiff based the necessity of supplementing the pleadings on whether the Court would
23   allow him to prolong litigation by extending all discovery deadlines by an additional three
24   months").

25   Third, the Bravada Defendants argue that granting Plaintiff's request to amend its
26   Complaint will cause them undue prejudice. More specifically, the Bravada Defendants
27   argue that amending the Complaint would be prejudicial because it would lead to extending
28   discovery deadlines and this litigation has already been highly contentious. (*See* Doc. 128

at 7). The Ninth Circuit has explained that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Here, the Court concluded that Plaintiff's Motion was not unduly delayed. Rather, Plaintiff moved to amend immediately upon receiving information to support its allegations. Moreover, the claims Plaintiff asserts against the Destination Defendants were already included in the Complaint against Does 1 through 10 and are not obviously frivolous. *See Meyers v. Arpaio*, No. CV041548PHXJATHCE, 2006 WL 8441147, at *2 (D. Ariz. Nov. 30, 2006) ("The record does not suggest any prejudice to Defendants resulting from such amendment given that Plaintiff alleges no new facts but instead relies on the identical factual allegations pled in his previously filed Second Amended Complaint."). Thus, the Bravada Defendants have not provided sufficient justification to depart from the strong presumption in favor of amendment.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 76) is **granted**. Plaintiff shall file a clean copy of the Amended Complaint (*see* Doc. 76–1) with the Clerk of Court no later than **July 8, 2024**.

Dated this 28th day of June, 2024.

Honorable Steven P. Logan
United States District Judge

4